# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McGAULEY, | Case No. 1:14-cv-01713-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| MARGARET MIMMS, et al., | |
| Defendants. | |

Plaintiff Anthony McGauley ("Plaintiff") is a former inmate at the Fresno County Jail proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on November 3, 2014. He names Fresno County Sheriff Margaret Mimms, a Corizon Health Assessing Nurse and a Corizon Health Psychologist as Defendants.[1]

## A.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 22, 2014.

1   the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

2   fails to state a claim upon which relief may be granted." 28 U.S.C.

3   § 1915(e)(2)(B)(ii).

4          A complaint must contain "a short and plain statement of the claim showing that the pleader

5   is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

6   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

7   do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

8   550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

9   'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual

10  allegations are accepted as true, legal conclusions are not.  Id.

11         Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

12  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

13  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

14  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or

15  omissions of each named defendant to a violation of his rights; there is no respondeat superior

16  liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

17  1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

18  Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim

19  for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

20  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.

21  at 678; Moss, 572 F.3d at 969.

22  **B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

23         Plaintiff is a former inmate of the Fresno County Jail, where the events at issue occurred.

24         Plaintiff contends that on August 8, 2014, he was booked into the Fresno County Jail.  At the

25  time of his medical screening, Plaintiff was verified to be under the care of a psychiatrist and

26  actively taking a large dose of Wellbutrin.  The jail verified the prescription but did not issue

27  medication until 15 days later.  Plaintiff contends that this lapse caused serious withdrawal

28  symptoms, which caused physical and mental suffering.

2

Plaintiff alleges that he was not given any medication until his family brought his personal prescription from home.

After two weeks of taking medication as prescribed, Plaintiff was seen by a psychologist, who, for no reason, reduced Plaintiff's dosage.  This reduction caused an irritable condition.

On October 15, 2014, Plaintiff discovered at medication pass that his medication was cancelled all together.  By October 20, 2014, Plaintiff's withdrawal  symptoms caused "such a mental and physical state of debilitation" that Plaintiff became catatonic and socially disruptive. ECF No. 1, at 4.  An altercation ultimately occurred, resulting in an injury to Plaintiff's hand.

**C.   DISCUSSION**

1.   Defendants Mimms

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, Plaintiff names Defendant Mimms, but fails to allege any facts linking her to the conduct at issue.  As explained above, Defendant Mims cannot be held liable for the acts of her subordinates and Plaintiff therefore fails to state a claim against her.

///

///

3

1    2.    Defendant Assessing Nurse

2    Again, Plaintiff's allegations must link the actions or omissions of each named defendant to a

3 violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at

4 676-77; Simmons,609 F.3d at 1020-21.

5    Plaintiff names "Assessing Nurse" as a Defendant, but he does not specifically link this nurse

6 to any actions.  While Plaintiff states that he received a medical screening when he arrived at the jail,

7 he does not state who performed the screening, or if the individual performing the screening was

8 even linked to the alleged deprivation of medical care.

9    Plaintiff therefore fails to state a claim against Defendant Assessing Nurse.

10    3.    Denial of Medical Care

11    It is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner.  However, while

12 pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment,

13 the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial

14 detainees' conditions of confinement claims.  Simmons v. Navajo County, Ariz., 609 F.3d

15 1011,1017-1018 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir.

16 2010); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Thus, the analysis under the Eighth

17 Amendment is used regardless of Plaintiff's status.

18    While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

19 care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference

20 to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012),

21 overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014);

22 Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th

23 Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat

24 [his] condition could result in further significant injury or the unnecessary and wanton infliction of

25 pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680

26 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful

27 act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the

28 indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind

4

1    is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d

2    at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

3           Here, Plaintiff alleges first that although the jail verified that he was under the care of a

4    psychiatrist and was receiving Wellbutrin, he did not receive any medication for fifteen days.  While

5    the deprivation of medication may state an Eighth Amendment claim, Plaintiff fails to (1) link any

6    individual Defendant to the omission; and (2) allege that the denial of medication was the result of

7    deliberate indifference.  Deliberate indifference requires a purposeful act, or failure to act.  The

8    named defendants must have "[known] of and disregard[ed] an excessive risk to [plaintiff's] health

9    or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In other words, an oversight, or even

10   gross negligence, will not support an Eighth Amendment claim.  Wood v. Housewright, 900 F.2d

11   1332, 1334 (9th Cir. 1990).

12          Plaintiff next argues that Defendant, an unnamed psychologist,[2] reduced his dose of

13   Wellbutrin after meeting with Plaintiff, "for no apparent reason."  ECF No. 1, at 4.  Again, Plaintiff

14   fails to show that this Defendant acted with the requisite state of mind, i.e., that he was deliberately

15   indifferent to a serious risk of harm to Plaintiff.  To the extent that Plaintiff simply disagrees with the

16   change in dosage, "[a] difference of opinion between a physician and the prisoner - or between

17   medical professionals - concerning what medical care is appropriate does not amount to deliberate

18   indifference."  Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)),

19   overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014);

20   Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d

21   330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors

22   chose was medically unacceptable under the circumstances and that the defendants chose this course

23   in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson,

24   90 F.3d at 332) (internal quotation marks omitted).  Plaintiff makes no such showing.

25          Finally, Plaintiff alleges that when he went to "medication pass" on October 15, 2014, he

26   learned that his prescription had been totally discontinued.  ECF No. 1, at 4.  Again, while the

27

28

---

[2]  Although the use of Doe defendants is generally disfavored, "'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities . . . .'" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)).  An opportunity to discover the identities of the Doe Defendants, however, will only be afforded if and when Plaintiff states a cognizable claim for relief.

1  deprivation of medication may state a claim, Plaintiff has not (1) linked any named Defendant to the

2  cancellation; and (2) alleged that the cancellation was the result of deliberate indifference.

3      Plaintiff therefore fails to state a claim under the Eighth Amendment, but he will be

4  permitted to amend.

5  **D.    ORDER**

6      Plaintiff does not state any cognizable claims.  The Court will provide Plaintiff with an

7  opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified

8  deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d

9  1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff

10  amends, he may not change the nature of this suit by adding new, unrelated claims in his amended

11  complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

12      If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under

13  section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's

14  constitutional rights and liability may not be imposed on supervisory personnel under the mere

15  theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th

16  Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations

17  must be [sufficient] to raise a right to relief above the speculative level. . ."  Twombly, 550 U.S. at

18  555 (citations omitted).

19      Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa

20  County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without

21  reference to the prior or superseded pleading," Local Rule 220.

22      Based on the foregoing, it is HEREBY ORDERED that:

23      1.    Plaintiff's complaint is dismissed with leave to amend;

24      2.    The Clerk's Office shall send Plaintiff a complaint form;

25      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must

26          file an amended complaint curing the deficiencies identified by the Court in this

27          order, and

28

6

4.      <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **March 20, 2015**                       _____ /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE