# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McGAULEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET MIMMS, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01713-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDER AND FAILURE TO PROSECUTE |

Plaintiff Anthony McGauley ("Plaintiff") is a former inmate at the Fresno County Jail proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on November 3, 2014.[1]

On March 20, 2015, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff was ordered to file an amended complaint within thirty (30) days of the date of service.

On May 18, 2015, after the time for filing an amended complaint passed, the Court issued an order to show cause why the action should not be dismissed for failure to follow a Court order and failure to prosecute. The Court ordered Plaintiff to file a response, or an amended complaint, within thirty (30) days of the date of service.

Over thirty (30) days have passed and Plaintiff has not complied with the order or otherwise contacted the Court.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 22, 2014.

1

**DISCUSSION**

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted). Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).

This action has been pending since November 3, 2014. Despite numerous opportunities, Plaintiff has failed to file an amended complaint. As a result, there is no operative complaint on file. Plaintiff was also warned that his noncompliance with the order to show cause would result in dismissal of the action. Given Plaintiff's failure to file an amended complaint, no other sanction is feasible.

Accordingly, this action is DISMISSED for Plaintiff's failure to follow a Court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **July 1, 2015**                    /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE